Charlotte HOROWITZ, Appellant,

v.

BOARD OF CURATORS OF the UNIVERSITY OF MISSOURI et al., Appellees.

No. 75–1949.

United States Court of Appeals, Eighth Circuit.

Sept. 2, 1976.

For panel opinion see, 538 F.2d 1317.

ORDER DENYING PETITION FOR REHEARING EN BANC

The petition for rehearing en banc is denied by a vote of 5 to 3. Chief Judge GIBSON, joined by Circuit Judges WEBSTER and HENLEY, would grant the rehearing en banc for the following reasons.

My main concern with this decision is that it impermissively injects the courts into the academic environment of colleges and professional schools to an unacceptable degree. Educational institutions are much more qualified and better positioned to promulgate and enforce procedures which regulate academic performance. Dismissals due to academic deficiencies are not uncommon and schools may be expected to review the files of a number of students during the course of an academic year to determine whether expulsion is warranted. The present case seems to require the schools to give all such students formal notification of their deficiencies and an opportunity to respond before dismissal, regardless of how egregious the deficiency might be. Such a rule is likely to foment future litigation and subject educational institutions to unnecessary monitoring and to possible monetary judgments. This decision is not, in my opinion, in accord with existing principles of constitutional law and fails to give sufficient deference to the perspective and unique position of school administrators.

The dismissal of Horowitz from the U.M. K.C. School of Medicine did not implicate any liberty interest which would mandate the invocation of procedural due process guarantees. The dismissal did not stigmatize Horowitz in a constitutional sense. The Supreme Court recently ruled that an individual's good name, reputation or integrity is not impaired when he is dismissed from employment for false reasons unless there has been a public disclosure of the reasons for discharge. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). Absent such public disclosure, there is no deprivation of a liberty interest. In the present case, the reasons for Horowitz's dismissal were not released to the public but were communicated to her directly by school officials.

*Greenhill v. Bailey*, 519 F.2d 5 (8th Cir. 1975), is factually distinguishable from the present case and, thus, not controlling. In *Greenhill*, the student was dismissed because he allegedly lacked the intellectual ability to continue in medical school. This denigrating information was disseminated outside of the medical school by school officials when notification of the student's dismissal was forwarded to the Liaison Committee of the Association of American Medical Colleges. No such public disclosure took place in this case. In the *Greenhill* opinion, the court noted that the school's action disparaged only plaintiff's intellectual capacity as opposed to his performance in school. Here, it was Horowitz's deficient performance in the clinical program which provided the sole basis for her dismissal; there was no reference to her intellectual abilities.

Even if due process rights were involved in this case, I believe Horowitz received all the process that was called for under the

circumstances. She was informed several times of her inadequacies in the clinical program. She was counseled by the Dean and faculty members. She submitted to a series of oral and practical examinations before a panel of seven doctors and only two doctors were of the opinion that she was qualified to graduate on schedule. Her deficiencies remained uncorrected and she was dismissed from school. Horowitz clearly was given sufficient notice of her weaknesses and she was informed that dismissal might result if corrective measures were not successfully pursued. This notice and the opportunity over the course of a year to correct her deficiencies were sufficient for due process purposes.

Unless it can be shown that a student's dismissal was actually motivated by a desire to limit the student's constitutionally protected rights, *see Bishop v. Wood*, 426 U.S. 341 at 350, 96 S.Ct. 2074, 48 L.Ed.2d 684, courts should stay their hands and permit schools to pursue their institutional policies without judicial interference.